## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

KENNETH and BELINDA DOUGLAS, individually and on behalf of all similarly situated individuals,

      Plaintiffs,

v.

BAYVIEW LOAN SERVICING, LLC,

      Defendant.

CASE NO. CV-11-495

## DEFENDANT BAYVIEW LOAN SERVICING, LLC'S
## MOTION TO DISMISS or, in the ALTERNATIVE,
## MOTION FOR SUMMARY JUDGMENT

Bayview Loan Servicing, LLC (hereinafter, "Bayview") moves this Honorable Court to dismiss this case filed by Plaintiffs, Kenneth and Belinda Douglas, individually and on behalf of all similarly situated individuals (hereinafter, "Plaintiffs"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, to grant summary judgment in Bayview's favor. In support of this Motion, Bayview states as follows:

## INTRODUCTION

In this purported class action, Plaintiffs claim that Bayview violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g), by failing to give notice

of transfer of the mortgage loan at issue within 30 days.  Plaintiffs erroneously base their claim on an assignment of their mortgage to Bayview.  Plaintiffs do not allege any facts indicating that Bayview is the owner of the mortgage loan at issue, as opposed to merely an assignee of the Trust.  They do not allege that any prior owner of the mortgage loan at issue assigned its interest to Bayview.  Accordingly, Plaintiffs' claims must be dismissed and the purported class claim necessarily fails.

The Court should grant Bayview's Motion because: (1) Plaintiff has failed to plead sufficient factual allegations indicating that Bayview meets the statutory requirements for liability under TILA § 1641(g); and (2) the factual allegations in the Complaint indicate that Bayview is the assignee of the Trust, not the owner of the loan; and (3) to the extent that Plaintiffs erroneously assert that Bayview received any interest in the loan, the applicable TILA statutes and regulations exclude liability for loan servicers (such as Bayview) that receive an interest merely for "administrative convenience."  The Court should dismiss this purported class action, in its entirety, with prejudice, or grant Bayview a summary judgment on all of Plaintiffs' claims against it.

## PERTINENT FACTS

1.    On or about May 23, 2000, Plaintiffs entered into a residential loan transaction with Compass Bank whereby they borrowed $78,000 from Compass Bank secured by a mortgage on property with a physical address of 407

Volanta Avenue, Fairhope, Alabama 36532 (hereinafter, the "Note" and "Mortgage"). A true and correct copy of the Note and Mortgage are attached as Exhibits "A" and "B," respectively, hereto.

2.      On April 1, 2008, Bayview Financial Property Trust and U.S. Bank National Association executed a trust agreement (hereinafter, the "Trust Agreement") creating the Bayview Asset-Backed Securities Trust 2008-10 (hereinafter, the "Trust"). *See* Affidavit of U.S. Bank National Association, Exh. 1, a true and correct copy of which is attached as Exhibit "C" hereto.[1]

3.      On or about April 28, 2008, the Trust acquired legal ownership of Plaintiffs' Mortgage when it was deposited into the Trust by Bayview Financial Property Trust. (*See* Exh. C, ¶ 6); (*see also* Exh. C, attachment 1; Exh. C, attachment 2).

4.      On or about April 28, 2008, the Note, which was indorsed in blank, was transferred to the Trust and held by U.S. Bank National Association, as custodian and trustee for the Trust. (Exh. C, attached).

---

[1] Counsel for the Defendant has included only the relevant portions of the Pooling and Servicing Agreement, Mortgage Loan Schedule, and certain other documents, rather than complete copies of these documents because of their size. Should the Court desire to inspect the documents in their entirety, Counsel will gladly provide the Court with complete copies. Additionally, copies of the affidavits referenced herein are attached to this Motion. Should the Court desire to inspect the original affidavits, Counsel will readily provide the Court with the original documents.

5.      The Trust has owned the Plaintiffs' Mortgage from the time it was transferred into the Trust to the present.   The Trust remains the owner of Plaintiffs' Mortgage. (Exh. C, ¶¶ 7-8).

6.      The Trust, through its Trustee, U.S. Bank National Association, has maintained physical possession and/or control of the Note since April 28, 2008. (Exh. C, ¶¶ 7-8).

7.      Bayview is a subservicer for the Trust.   *See* Exh. C, attachment 1, Section 1.01., p. 4, 19; *see also* Affidavit of Bayview, a true and correct copy of which is attached as Exhibit "D" hereto; Flow Subservicing Agreement, Exh. D, attachment 4.

8.      On April 8, 2011, the Mortgage was assigned to Bayview.[2] See Exh. C, ¶ 10 and attachment 4 thereto; Exh. D, ¶ 9 and attachment 3 thereto.

9.      U.S. Bank National Association, as Trustee for the Trust, retained possession and/or control of the Note after the Plaintiffs' Mortgage was assigned to Bayview. *See* Exh. C, ¶ 11.

10.      Plaintiffs' Mortgage was assigned to Bayview for Bayview's administrative convenience in servicing the obligation. *See id.* at ¶ 10, 12-13.

---

[2] The assignment was drafted with "Wachovia Bank, N.A., as Trustee f/k/a First Union National Bank for Bayview Series 2002-B" as the assignor.   This entity was the last assignee of record.   Bayview had previously serviced Plaintiffs' mortgage loan when it was owned of record by the 2002-B Trust and continued to do so when it was transferred to the 2008-10 trust.   The assignor on the assignment of mortgage does not affect the analysis in this case.

11.     This assignment was subject to, and continues to be subject to, Bayview's contractual obligation to act on behalf of the Trust to enforce the terms of the Note and/or remedies in the Mortgage subject to the rights of the owner, the Trust. *See* Exh. D, ¶ 10; *see also* Exh. D, attachment 3.

12.     The Trust Agreement specifically provided the Trust with the authority and ability to transfer loan files to servicers in order for the servicer to fulfill its servicing responsibilities. *See* Exh. C, attachment 1, Section 9.03, p. 60-61.

13.     At no time has Bayview ever owned Plaintiffs' Mortgage or Note. *See* Exh. D, ¶¶ 6, 13.

14.     On no less than three (3) separate occasions between 2005 and 2009, Plaintiffs failed to make payments on their Mortgage for substantial periods of time, which put the loan into default.

15.     Plaintiffs subsequently filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Southern District of Alabama (Mobile) in 2009 and again in 2011. *See* 2009 & 2011 Bankruptcy Petitions, true and correct copies of which are attached as Exhibit "E" hereto.

16.     Plaintiffs filed this lawsuit on August 29, 2011. They do not dispute that they are, or have been, in default on their loan obligations. They do not contend that the underlying debt is unenforceable. They do not contend that any

fraud, deceit, or trickery has been practiced upon them by Bayview or that they have suffered any wrongdoing or prejudice by the actions of Bayview. (*See* Complaint.)

17.     Instead, Plaintiffs incorrectly allege that they did not receive certain required disclosures under § 1641(g) of TILA and that they are entitled to statutory damages. Specifically, Plaintiffs claim that Bayview became the "owner" of their Mortgage and Note and did not provide them with required information about the transfer within the prescribed thirty (30) day time period. (*See id.*)

18.     Plaintiffs' argument, however, is without merit and fails to state a cause of action upon which they are entitled to relief. As noted above, and discussed more fully below, Bayview has never been the owner of Plaintiffs' Mortgage or Note.

## **STANDARD OF REVIEW**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Bayview may move to dismiss a complaint because the Plaintiffs have failed to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of the Complaint. This Court can dismiss Plaintiffs' complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795

F.2d 964, 967 (11th Cir. 1986). Although factual allegations are to be construed in the light most favorable to the plaintiffs, this Court is not required to accept as true the legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments asserted in the Complaint. *See, e.g., Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F. 3d 1327. 1332-33 (11th Cir. 2010). Furthermore, a pleading offering nothing more than legal conclusions or a formulaic recitation of the elements of a cause of action will not survive a motion to dismiss. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *Jacobs,* 626 F. 3d at 1333. Plaintiffs can prove no set of facts in support of the claim that would establish a plausible basis for recovery.

## ARGUMENT

**I.  PLAINTIFFS HAS FAILED TO PLEAD SUFFICIENT ALLEGATIONS TO SHOW THAT BAYVIEW CAN BE LIABLE FOR VIOLATION OF TILA § 1641(g) BECAUSE THEY HAVE NOT ALLEGED THAT BAYVIEW "ACQUIRES MORE THAN ONE MORTGAGE LOAN IN ANY TWELVE-MONTH PERIOD."**

Plaintiffs base their claims against Bayview on an alleged violation of the notice requirement of TILA § 1641(g), a 2009 amendment to TILA. (Compl., Intro., ¶¶ 8, 9). Section 1641(g) states:

**Notice of new creditor**

**(1) In general**
In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or

assigned to a third party, *the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer*, including –

**(A)** the identity, address, telephone number of the new creditor;

**(B)** the date of transfer;

**(C)** how to reach an agent or party having authority to act on behalf of the new creditor;

**(D)** the location of the place where transfer of ownership of the debt is recorded; and

**(E)** any other relevant information regarding the new creditor.

(emphasis added).

Section 226.39 of Regulation Z implements TILA § 1641(g) and further limits applicability of the notice requirement to any person "that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, *and who acquires more than one mortgage loan in any twelve-month period.*" 12 C.F.R. § 226.39(a)(1) (emphasis added). Thus, in order to be liable for a violation of TILA § 1641(g), a party must (1) be the owner of the mortgage loan at issue and (2) acquire more than one mortgage loan in any twelve-month period.

In the Complaint, Plaintiffs merely parrot step one of the statutory language, alleging "ownership interest in the Plaintiffs' mortgage and note was assigned to Bayview" on April 8, 2011, and, in support thereof, cite the April 8,

2011 "Assignment" naming Bayview as assignee. (Compl., ¶ 6). As shown below, this allegation is nothing more than a legal conclusion that is actually contradicted by the applicable statutes and regulations. *See infra*, Section II. Moreover, Plaintiffs failed to allege that Bayview "acquires more than one mortgage loan in any twelve-month period." *See* Reg. Z, § 226.39(a)(1). In fact, Bayview is a servicer and does not presently own loans as part of its ordinary business. *See* Exh. D, ¶ 5. Therefore, as a matter of law, Plaintiffs have failed to state sufficient factual allegations indicating that Bayview is a "covered party" under § 1641(g) and the Court must dismiss Plaintiffs' claim.

## II. <u>BAYVIEW CANNOT BE LIABLE FOR VIOLATING TILA § 1641(g) BECAUSE BAYVIEW IS NOT THE OWNER OF THE PLAINTIFFS' MORTGAGE AND/OR NOTE.</u>

Congress enacted amendments to TILA in 2009, requiring a party who acquires ownership of a loan to provide the borrower with certain written disclosures no later than thirty (30) days after the date on which the loan is sold, transferred, or assigned. *See* 15 U.S.C. § 1641(g). These amendments sought "to ensure that consumers know the identity of the party they can contact to rescind or seek to modify" the terms of their loan. 12 C.F.R. § 226, *58496. However, these amendments do not cover entities that are mere servicers of a mortgage loan. *See* Reg. Z, 12 C.F.R. § 226.39(a)(1) ("For the purposes of this section, a servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer

holds title to the loan or it is assigned to the servicer ***solely for the administrative convenience of the servicer in servicing the obligation***.") (emphasis added); *see also* 15 U.S.C. § 1641(f)(2) ("A servicer … shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer ***solely for the administrative convenience of the servicer in servicing the obligation.***") (emphasis added).  "A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for the purposes of this section unless the servicer is or was the ***owner*** of the obligation." 15 U.S.C. § 1641(f)(1) (emphasis added).  Thus, in order to recover under § 1641(g) of TILA, the Plaintiffs must prove that Bayview is the owner of their Mortgage.  Because Plaintiffs cannot carry this burden of proof, their complaint must be dismissed with prejudice.

## A. <u>The Trust is the owner of the Plaintiffs' Mortgage and Note.</u>

The Trust is currently, and has continuously been, the owner of the Plaintiffs' Mortgage and Note.  The Trust came into existence on April 1, 2008. *See* Exh. C, "Cover Page." On or about April 28, 2008, it acquired ownership of the Plaintiffs' Mortgage and Note as part of the Trust Agreement. *See* Exh. C, ¶ 6. The Plaintiffs' loan was one of the assets listed in the Mortgage Loan Schedule attached to the Trust Agreement. *See* Exh. C, ¶ 6; Exh. C, attachment 2. The Trust

acknowledged receipt, either by the Trustee or its custodian, of all Mortgages and Notes related to the loans listed in the Mortgage Loan Schedule as of April 28, 2008, the closing date of the Trust. *See* Exh. C, attachment 1, Sections 2.01(a) & (e), p. 21-22; Section 2.02(a), p. 25-26. The Trust has maintained ownership of the Plaintiffs' Mortgage and Note continuously since April 28, 2008, and has never sold, transferred, assigned, or otherwise divested its ownership interest in the Plaintiffs' Mortgage and/or Note to any other party. *See* Exh. C, ¶¶ 7-8. As of the filing of this Motion, the Trust remains the owner of the Plaintiffs' Mortgage and Note and was in physical possession and/or control, either through the Trustee or its custodian, of the Plaintiffs' Note.

**B. Bayview is a servicer for the Trust and, as such, is expressly excluded from liability under the applicable TILA statutes and Regulation Z.**

Bayview was named a subservicer for the Trust in the Trust Agreement that created the Trust. *See* Exh. D, ¶ 7; *see also* Exh. C, attachment 1, Section 1.01., p. 4, 19. Bayview has been a subservicer for the Trust since its formation on April 1, 2008. *See id.* As a subservicer, Bayview was given the authority to act on behalf of the Trust in performing its servicing responsibilities. *See* Exh. D, ¶¶ 10, 12. In acting on behalf of the Trust, Bayview is authorized to enforce the Trust's rights and remedies under the mortgages and/or notes that make up the Trust's assets. *See id.*

For administrative convenience, the Plaintiffs' Mortgage was assigned to Bayview. *See id.* at ¶ 9. After the assignment, the Trustee, or its custodian, retained possession and/or control of the original Note on behalf of the Trust. This assignment was done "... solely for the administrative convenience of [Bayview] in servicing the obligation." Regulation Z, 12 C.F.R. § 226.39(a)(1); *see also* Exh. C, ¶¶ 10, 12-13; Exh. D, ¶¶ 9-10. The Trust assigned Bayview the Plaintiffs' Mortgage to better enable Bayview to enforce the Trust's rights and remedies under the Mortgage and Note. Specifically, Bayview was assigned the Plaintiffs' Mortgage for the purpose of instituting foreclosure proceedings on property owned by the Plaintiffs, as they materially breached the terms of the Note and were in default on their loan obligation. *See* Exh. C, ¶ 12. The assignment by the Trust was not done, however, to give Bayview ownership of the Plaintiffs' loan obligation. The Trust Agreement specifically provided the Trust with the authority and ability to transfer loan files to servicers in order for the servicers to fulfill their servicing responsibilities. *See* Exh. C, attachment 1, Section 9.03, p. 60-61. Bayview's interest in the Note and/or Mortgage has always been, and remains, subject to its obligation to the Trust, which owns the Note and Mortgage. *See* Exh. D, ¶ 10; Regulation Z, 12 C.F.R. § 226.39(a)(1). Thus, the assignment of the Plaintiffs' Mortgage to Bayview was for servicing purposes only and did not affect the ownership of the Plaintiffs' Mortgage and/or Note. Bayview is, and was at all

times, a subservicer of the Plaintiffs' mortgage loan.  *See* Exh. C, ¶ 9; Exh. D, ¶¶ 6-8.

As a mere subservicer of the Plaintiffs' mortgage loan, Bayview is not subject to the requirements of § 1641(g) of TILA by virtue of the assignment. "Under the terms of [] TILA, the requirements of Section[] 1641(g) ... only apply when a mortgage loan is in fact transferred to a new lender." *Zirogiannis v. Dreambuilder, Inv. LLC*, 2011 WL 1743243, *4 (E.D.N.Y. May 7, 2011). Additionally, "[a] servicer of a consumer obligation arising out of a credit transaction is not treated as an assignee unless the servicer is or was the owner of the obligation." *Thepvongsa v. Reg'l Trustee Serv. Corp.*, 2011 WL 307364, *11 (D. Wash. Jan. 26, 2011).  TILA "requires that the creditor who becomes a new owner or assignee of a mortgage debt – ***not the loan servicer*** – notify the borrower of the transfer of the debt within 30 days." *Davis v. Peoples Choice Home Loan, Inc.*, 2011 WL 1750342, n. 4 (D. Or. Feb. 4, 2011) (emphasis added); *see also Kebasso v. BAC Home Loans Serv., LP*, 2011 WL 2960219, n. 7 (D. Minn. July 20, 2011) ("Section 1641(g), however, imposes obligations on the creditor that is the new owner or assignee of the debt, ***not on the mortgagees or loan servicers***.") (emphasis added).  In fact Regulation Z, the implementing regulation for the TILA amendments the Plaintiffs have sued under, expressly states that under §1641(g), "a servicer of a mortgage loan shall not be treated as the owner of the obligation if

the servicer ***holds title to the loan or it is assigned to the servicer solely for the***

***administrative convenience of the servicer in servicing the obligation***."

Regulation Z, 12 C.F.R. § 226.39(a)(1) (emphasis added).

   In this case, Bayview is merely a subservicer for the Trust and has

been servicing the Plaintiffs' Mortgage and Note since April 28, 2008.

Accordingly, Bayview is expressly exempted from complying with §1641(g) when

it is acting in its role as a subservicer for the Trust.  Bayview is not now, and has

never been, the owner of the Plaintiffs' debt obligation.  *See* Exh. C, ¶ 13; Exh. D,

¶ 13.  Because Bayview did not become a new owner of the obligation by virtue of

the assignment, it is not required to comply with §1641(g) of TILA.  Consequently,

the Plaintiffs' have failed to state a claim upon which relief can be granted and

their complaint is due to be dismissed with prejudice.

## CONCLUSION

   The facts of this case are simple.  Plaintiffs freely and voluntarily

executed the Mortgage and Note, which were subsequently assigned to the Trust.

The Trust has been the owner of the Plaintiffs' Mortgage and Note continuously

since on or about April 28, 2008.  The Mortgage was assigned to Bayview solely

for the administrative convenience of Bayview in servicing the obligation.

Bayview have never owned the Plaintiffs' Note or Mortgage.   Accordingly,

Bayview was not subject to the notice requirements of § 1641(g) of TILA.  Thus,

the Plaintiffs have failed to state a claim upon which relief can be granted or, in the alternative, have failed to prove the existence of any genuine issue of material fact. Consequently, this Court should dismiss the Plaintiffs' action with prejudice, or in the alternative, grant summary judgment in Bayview's favor.

WHEREFORE, Bayview Loan Servicing, LLC respectfully requests that this Court grant its Motion to Dismiss or, in the alternative, Motion for Summary Judgment and enter an Order dismissing all of Plaintiffs' claims against it with prejudice.

Respectfully submitted this 28th day of September, 2011.

s/ Christopher A. Bottcher
Christopher A. Bottcher (ASB-2085-T68C)
Beth Liles (ASB-2797-A61L)
Attorneys for Defendant
Bayview Loan Servicing, LLC
cbottcher@sirote.com
bliles@sirote.com

**OF COUNSEL:**
**SIROTE & PERMUTT, PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel:   205-930-5100
Fax:   205-930-5335

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2011, I electronically filed the foregoing with the Clerk of the Court using the Alafile e-filing system, which will send notification of such filing to the following:

Kenneth J Riemer
Earl P. Underwood, Jr.
Underwood & Riemer, P.C.
Attorneys for Plaintiffs
166 Government Street, Suite 100
Mobile, AL 36602

/s/Christopher A. Bottcher
Of Counsel