# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KENNETH and BELINDA DOUGLAS, individually and on behalf of all similarly situated individuals, | : |
| Plaintiffs, | : |
| vs. | :      CA 11-00495-KD-C |
| BAYVIEW LOAN SERVICING, LLC, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), on the defendant's motion to dismiss or, in the alternative, motion for summary judgment (Doc. 6), filed September 28, 2011; the plaintiffs' response in opposition (Doc. 11), filed October 24, 2011; the defendant's reply in support (Doc. 12), filed October 31, 2011; and the plaintiffs' notice of filing of additional authority in opposition—Chief Judge Steele's order denying the defendant's motion to dismiss in *Squires, et al. v. BAC Home Loans Servicing, LP*, CA 11-00413-WS-M (Doc. 13), filed November 30, 2011.[1] After consideration of the motion and the filings in support of and in opposition thereto, and for the reasons set forth below, it is the undersigned's **recommendation** that it be **DENIED**.

---

[1] The defendant is sometimes referred to as "Bayview" in this report and recommendation.

Applicable Background

This matter is one of several cases pending before this Court in which the plaintiffs are **(1)** alleging that the defendants violated a relatively new provision of the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, which "requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party"[2] (Doc. 1, complaint, ¶ 8; *see also* Federal Reserve Board Regulation Z, 12 C.F.R. Part 226), and **(2)** seeking class certification.

Legal Standard

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. Such a motion questions the legal sufficiency of a

---

[2] Section 1641(g) provides:

**Notice of new creditor**

**(1)　In general**
In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—

　　**(A)**　the identity, address, telephone number of the new creditor;
　　**(B)**　the date of the transfer;
　　**(C)**　how to reach an agent or party having authority to act on behalf of the new creditor;
　　**(D)**　the location of the place where transfer of ownership of the debt is recorded; and
　　**(E)**　any other relevant information regarding the new creditor.

**(2)　Definition**
As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

complaint (or portions of a complaint); therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true, *see, e.g., United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990), and all factual allegations, moreover, are to be construed in the light most favorable to the plaintiff, *see, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598 (1989); *see also Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (same).

Rule 8(a)(2) generally sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' As the Court held in *Twombly*, . . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to

> a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

*Id*. at ___, 129 S. Ct. at 1949-50 (internal citations and quotation marks omitted); *see also id*. at ___, 129 S. Ct. at 1950-51 (a plaintiff must nudge his claims "across the line from conceivable to plausible."); *see Speaker*, 623 F.3d at 1381 ("[G]iven the pleading standards announced in *Twombly* and *Iqbal*, [plaintiff] must do more than recite [] statutory elements in conclusory fashion. Rather, his allegations must proffer enough factual content to 'raise a right to relief above the speculative level.'").

As a preliminary matter, the undersigned must address the defendant's request that the Court treat its motion, in the alternative, as one seeking summary judgment pursuant to Rule 56. The plaintiffs oppose this request on two related grounds. First, they argue that they "have had no opportunity for discovery regarding the Assignment"; second, they contend that the evidence attached to the defendant's motion

4

"at most creates a question of fact as to the transfer history of the debt and the intent of the parties as to the Assignment." (Doc. 11 at 4.) In reply, the defendant asserts that the plaintiffs' failure to "submit an affidavit specifying what discovery they allege is necessary[,]" pursuant to Rule 56(d), negates their general plea for discovery. (Doc. 12 at 11.)

The undersigned finds that it is not appropriate to consider this motion under Rule 56 for two related reasons. First, quite simply, the plaintiffs have not been afforded any opportunity to conduct discovery. *Compare* Doc. 11 at 4 (Plaintiffs here "have had no opportunity for discovery regarding the Assignment."), *with Bradford v. HSBC Mortg. Corp.*, ___ F. Supp. 2d ___, 2011 WL 6148486, at *6 & n.24 (E.D. Va. Dec. 8, 2011) ("Because the **lengthy discovery period and briefing schedule** have given the parties 'a reasonable opportunity to present all the material that is pertinent to the motion,' it is therefore appropriate to treat defendants' motions to dismiss the TILA claims as motions for summary judgment thereon.") (quoting FED. R. CIV. P. 12(d)) (emphasis added).

Second, because no discovery has taken place, the plaintiffs— contrary to the defendant's belief (*see* Doc. 12 at 11)—were under no obligation to submit a Rule 56(d) affidavit. With respect to former Rule 56(f), now codified as Rule 56(d), courts draw "a distinction between cases . . . where **further** discovery is sought, and those[—like this one—]where **no** meaningful discovery has yet taken place[,]" *Reed v. Staniero*, Civil Action No. 06-CV-3496(FLW), 2007 WL 3430935, at *7 (D.N.J. Nov. 13, 2007) (collecting

cases) (emphasis added), and "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery[,]" *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (citations omitted).

The undersigned does note, however, notwithstanding the preceding, that in the context of a motion to dismiss,

> the Court may consider material properly submitted as part of the complaint, may consider documents whose contents are alleged in the complaint and whose authenticity is not questioned, and may take judicial notice of matters of public record without converting the motion to dismiss to a motion for summary judgment.

*Thepvongsa v. Regional Trustee Servs. Corp.*, No. C10-1045 RSL, 2011 WL 307364, at *3 (W.D. Wash. Jan. 26, 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)); *see, e.g., id.* ("In deciding this 12(b)(6) motion, the Court has considered Deed 1, Deed 2, the Assignment, and the Appointment.").

Analysis

The Court may easily dispose of the defendant's first theory as to why this matter should be dismissed—because the plaintiffs have failed to plead sufficient allegations to show that the defendant can be liable for violating Section 1641(g) by not alleging that the defendant acquired more than one mortgage loan in any twelve-month period (*see* 12 C.F.R. § 226.39). In opposition to this argument, and without waiving their position that "the allegation that ownership was conveyed by an assignment, along with reference to the assignment itself is sufficient," the plaintiffs contend that "[a] brief

6

review of probate records reflect 11 assignments to Bayview in Mobile and Baldwin Counties for the first 10 months of 2011 alone." (Doc. 11 at 15.) The defendant's reply does not contest—and the Court has no independent reason not to accept—this contention, on its face. That is because, as stated above, a court "may take judicial notice of matters of public record without converting the motion to dismiss to a motion for summary judgment," *Thepvongsa*, 2011 WL 307364, at *3, and state probate records may certainly be considered "matters of public record," *see e.g., Sarhan v. Rothenberg*, No. 07-22818-CIV, 2008 WL 2474645, at *12 (S.D. Fla. June 17, 2008) (in the context of dismissal on jurisdictional grounds, a court "can clearly take judicial notice of the records of the state court system, which undeniably show that the appeal of the probate court's order is now final") (citations omitted).

The defendant's second—less novel—theory as to why it cannot be liable for violating Section 1641(g) is that it is merely a "servicer" (or "subservicer") and, therefore, does not own (and, moreover, has never owned) the plaintiffs' mortgage or note. (*See, e.g.,* Doc. 6 at 9-14.) The plaintiffs' allege, however, that a written assignment, executed on April 8, 2011 and attached to their complaint, shows that on that date "ownership interest in [their] mortgage and note was assigned to Bayview. [And a] written Assignment identifying Bayview as the assignee was executed on [that date], and

7

recorded in the probate office of Baldwin County, Alabama on or about April 14, 2011."

(Doc. 1, ¶ 6 & Ex. A (Assignment[3]).)

The defendant attempts to counteract this allegation by:

**(1)** arguing that a Trust—specifically, Bayview Asset-Backed Securities Trust 2008-10, created on April 1, 2008—has actually owned the plaintiff's mortgage since the end of April, 2008 (*see* Doc. 6 at 3-4);

**(2)** arguing that Bayview is merely "a subservicer for the Trust" and was assigned the plaintiffs' mortgage "for Bayview's administrative convenience in servicing the obligation" subject to "Bayview's contractual obligation to act on behalf of the Trust to enforce the terms of the Note and/or remedies in the Mortgage subject to the rights of the owner, the Trust" (*see id.* at 4-5); and

**(3)** attaching to its motion 125 pages worth of exhibits, including documentation to establish this alleged relationship between Bayview and the Trust.

The Court has already determined, for the reasons stated above, that it is inappropriate to convert the defendant's motion to dismiss to one for summary judgment. Given that determination, the Court is now confronted with how to deal with the documents attached to the motion to dismiss. And, as explained further

---

[3] The Assignment, in pertinent part, provides:

[T]he undersigned Wachovia Bank, N.A., as Trustee f/k/a First Union National Bank for Bayview Series 2002-B [the "Assignor"], does hereby transfer, assign, set over and convey unto [Bayview] all right, title and interest of said Assignor in and to that certain Mortgage executed by [the plaintiffs] . . . covering property described in said Mortgage, together with the note and indebtedness secured by the Mortgage, and all interest of the undersigned in and to the property described in said Mortgage.

(*Id.* (all caps removed).)

8

below—given the nature of those documents—this Court may not consider them for purposes of resolving the motion to dismiss.

Courts in this Circuit, when confronted with a 12(b)(6) motion, follow the "incorporation by reference" doctrine—"under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment [ ] if the attached document is [both] central to the plaintiff's claim [and] undisputed."[4] *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999)). However, the documents attached to the defendant's motion are not "central to the plaintiff[s'] claim," but are, instead, central to the defendant's affirmative defense (that it cannot be liable under TILA because it is a servicer/subservicer), and therefore, are not covered by this doctrine/exception. *Compare* Doc. 12, the defendant's reply, at 10 (Taking "Plaintiffs['] claim that Bayview has the burden of proving **its defense** . . . as true, Bayview has offered substantial

---

[4] While it is not critical to the resolution of the issue presently before the Court, the undersigned does note that different opinions from the Eleventh Circuit have stated the requirements for this exception—at least slightly—differently, adding an additional substantive hurdle. For example, in *Financial Security Assurance, Inc. v. Stephens, Inc.*, 450 F.3d 1257 (11th Cir. 2006), the exception appears to have four prongs: "This court recognizes an exception, however, in cases in which [1] **a plaintiff refers to a document in its complaint**, [2] the document is central to its claim, [3] its contents are not in dispute, and [4] the defendant attaches the document to its motion to dismiss." *Id.* at 1264 (citing *Harris*, 182 F.3d at 802 n.2; *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997)) (emphasis added); *see also Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984) ("[A] complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint."), *en banc reh'g*, 764 F.2d 1400, 1400 (11th Cir. 1985) (per curiam) (reinstating panel opinion); *Tompkins v. Barker*, No. 2:10cv1015–MEF, 2011 WL 3583413, at *9 (M.D. Ala. July 26, 2011) (similar) (citing *Brown v. One Beacon Ins. Co.*, 317 F. App'x 915, 916–17 (11th Cir. 2009)), *report & recommendation adopted*, 2011 WL 3584306 (M.D. Ala. Aug 15, 2011).

evidence to support its claim and carried its burden of proving that it not a covered entity under § 1641(g)[ by] demonstrate[ing] that it held title to Plaintiffs' loan solely as a servicer and for its administrative convenience[.]") (emphasis added), *with Lockwood v. Beasley*, 211 Fed. App'x 873, 877 (11th Cir. 2006) (per curiam) ("As to whether a document is central to the plaintiff's case, in *Financial Security Assurance*, we considered whether the plaintiff would have to offer the document to prove his case." Therefore, in solely construing the motion as one to dismiss, the district court committed error by "consider[ing] the copy of the $500 advance payment check and [the] affidavit explaining the release language, [ ] attached to the defendants' motion to dismiss" because "[t]he check and its release language **do not need to be offered by Lockwood in order to prove his case; they are relevant to the defendants' affirmative defense**.") (citing 450 F.3d at 1264) (emphasis added); *cf. Financial Sec. Assurance*, 450 F.3d at 1264 ("In considering this [exception], the First Circuit has held, with respect to a complaint alleging libel and other related claims, that a magazine article referred to in the complaint and attached to the defendant's motion to dismiss was central to the plaintiffs' claim because 'Plaintiffs unquestionably would have had to offer a copy of the article in order to prove their case.'") (quoting *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988)).[5]

---

[5] *Gensaw v. Del Norte County Unified School District*, No. C 07-3009 TEH, 2008 WL 1777668 (N.D. Cal. Apr. 18, 2008), is also instructive. There the court first noted that if plaintiff refers "to a document in the complaint and it is central to the affirmative defense, defendant may [then] introduce the document as an exhibit to a motion attacking the sufficiency of the

Because the documents attached to the complaint may not be considered for purposes of this order, the Court must focus on the allegations in the complaint. Doing so yields the same result here that Chief Judge Steele reached in *Squires v. BAC Home Loans Servicing*, LP, Civil Action No. 11–0413–WS–M, 2011 WL 5966948 (S.D. Ala. Nov. 29, 2011). Like BAC, Bayview "has not shown that it is entitled to the benefit of the statutory 'servicer' exclusion as a matter of law." *Id.* at *4; *see also Schafer v. CitiMortgage, Inc.*, No. CV 11–03919 ODW (FFMx), 2011 WL 2437267, at *3 & *6 (C.D. Cal. June 15, 2011) (first noting that, under the "incorporation by reference doctrine," it would "only take notice of those documents **referred to in** the [first amended complaint]," the court concluded that, "[a]ccepting Plaintiff's allegations as true **and not taking notice of any documents in controversy**, . . . Plaintiff has stated a valid claim against PennyMac[—the alleged "new creditor and servicer of the loan"—]for a violation of § 1641(g) by not sending her notice of the January 2011 transfer[,]" and denied the motion to dismiss) (emphasis added); *compare id.*, *with Derusseau v. Bank of America, N.A.*, No. 11 CV 1766

---

complaint," *id.* at *5 (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1327 (3d Ed. 2004)), and then explained that because

> Plaintiffs' claims [were] not "dependent upon" the [U.S. Department of Education, Office of Civil Rights "OCR"] Decision, nor [was] the Decision central to the plaintiff's claim[,] the OCR Decision [was] not a crucial factual or legal component of Plaintiffs' claims, as a contract would be to a contract claim. Moreover, Defendants ask this Court to rely not on the OCR decision itself, but on facts stated in the OCR decision—**facts that do not appear in the allegations of Plaintiffs' Complaint, and in some cases contradict those allegations**. The Court therefore will not treat the OCR decision or its factual findings as allegations of the Complaint.

*Id.* (emphasis added and internal citations, quotation marks, and footnote omitted).

11

MMA (JMA), 2011 WL 5975821, at *5 (S.D. Cal. Nov. 29, 2011) ("[B]ecause Plaintiff **alleges BAC is a mortgage servicer** and provides no indication she could amend her complaint to state a viable claim against this Defendant, this claim against BAC is dismissed with prejudice.") (emphasis added); *Banut v. BAC Home Loans Servicing, LP*, No. 2:11–cv–1365–GEB–GGH, 2011 WL 5237751, at *2 (E.D. Cal. Oct. 28, 2011) ("Since Plaintiff **does not allege that BAC is or was the owner of the obligation**, Plaintiff's TILA claim is dismissed.") (emphasis added).

Conclusion

For the reasons set forth above, the undersigned **recommends** that the defendant's motion to dismiss or, in the alternative, motion for summary judgment (Doc. 6) be construed solely as a motion to dismiss and, therefore, be **DENIED**.

The undersigned further **recommends** that, if this report and recommendation is adopted by the District Judge, the parties consult the undersigned's Rule 16(b) Scheduling Orders entered in matters substantively the same as this one—*Reed, et al. v. Chase Home Finance, LLC*, Civil Action No. 11-00412, and *Connell v. CitiMortgage, Inc.*, Civil Action No. 11-00443—before submitting their Rule 26(f) report. In both cases, the Court has provided for accelerated discovery leading to an early dispositive motion on the defendant's liability before proceeding, if applicable, to the class certification stage.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 13th day of January, 2012.

                                                                  s/WILLIAM E. CASSADY
                                                                  **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).